## MILLAUDON *vs.* FOUCHER.

#### ON A RE-HEARING GRANTED.

Where suit is instituted on notes before they become due, judgment may well be rendered for as much of the debt as *is due* when the answer is filed.

The exception to the prematurity of a suit is a dilatory one, and must be pleaded *in limine litis.*

An attachment may legally issue against the property of an absconding debtor, who leaves the state never to return, for debts that are due, against any property of his, within the jurisdiction of the court that issues it.

This case comes before the court in this instance on a re-hearing, granted on the motion of the counsel for the plaintiff. See *the case, ante, 582.*

*J. Slidell,* for the plaintiff, made the following points, and cited the authorities below in support of the re-hearing.

1. The defendant in the inferior court moved to have the attachment set aside, on certain grounds specially assigned by him ; that on which the court has decided the case was not made by him ; he must be considered as having waived the exception, and the Parish Court could not supply it for him ; *a fortiori,* this court is without such power. 4 *Louisiana Reports,* 432. 7 *Ibid.,* 599.

2. Dilatory exceptions must be pleaded *in limine litis.* Code of Practice, article 333. 1 *Martin, N. S.,* 130. 4 *Ibid.,* 439. The premature commencement of the action could only be taken advantage of by dilatory exceptions. 7 *Martin, N. S.,* 384. 1 *Louisiana Reports,* 420.

3. Foucher's insolvency and assignment of his property, is shown by the evidence offered by the defence. It is alleged

in his notice to set aside attachment. By the insolvency, his debts became due. 5 *Martin*, 144; 1 *La. Reports*, 502. By absconding, he deprived the creditor of the security afforded by the control over his person which he might have exercised. See *article* 2050, *Code*.

4. The debt was due when the answer was filed; personal service was made on Foucher's attorney in fact; answer filed by his attorney. This converted the whole proceeding into an ordinary action, and judgment must stand. 8 *Martin, N. S,* 353. Every one may renounce his rights; the defendant has abandoned this ground of defence. Supposing it to be tenable, the court cannot force it upon him.

*Denis,* contra.

*Bullard J.,* delivered the opinion of the court.

A re-hearing having been allowed in this case, the counsel for the appellee has called our attention to the fact, that the notes on which judgment was rendered below, had become due before the answer was filed, and he contends that as the defendant did not specially except to the prematurity of the suit, he must be considered as having waived that exception which ought to have been pleaded *a limine litis.* In this position we think he is sustained by the provisions of the Code of Practice and the decision of this court in the case of Howard et al. *vs.* steam-boat Columbia. 1 *Louisiana Reports,* 420.

We concur with the court below in the opinion, that under the circumstances of this case it had a right to issue an attachment against the property of the absconding debtor. Having left the state never to return, his creditors had a right to proceed by attachment in any court within whose jurisdiction he possessed property, and the exception to the jurisdiction of the court was properly overruled. But, we are still of opinion that the attachment ought not to have been, maintained after the answer to the merits on the part of the defendant, because it was issued without a sufficient affidavit;

EASTERN DIST.
June, 1835.

MILLAUDON
vs.
FOUCHER.

Where suit is instituted on notes before they become due, judgment may well be rendered for as much of the debt *as is due* when the answer is filed.

The exception to the prematurity of a suit, is a dilatory one, and must be pleaded *in limine litis*

An attachment may legally issue against the property of an absconding debtor, who leaves the state never to return, for debts that are due, against any property of his, within the jurisdiction of the court that issues it.

EASTERN DIST. while, therefore, we maintain the judgment for so much of
June, 1835. the debt as was due when the answer was filed, we think
MILLAUDON the attachment ought to be dissolved.
vs.
FOUCHER.

It is, therefore, ordered, adjudged and decreed, that the judgment heretofore pronounced by this court be set aside, and, it is further ordered, adjudged and decreed, that the judgment of the parish court, so far as it condemns the defendant to pay the sum of nine thousand eight hundred dollars with interest, costs, &c., be affirmed; and, it is further ordered, that the attachment be set aside and dissolved, and that the appellee pay the costs of this appeal.